RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/22/14
JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

TRAVIS DENORRIS ARNOLD           DOCKET NO. 14-CV-536; SEC. P

VERSUS           JUDGE DEE D. DRELL

UNITED STATE OF AMERICA, ET AL.     MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the Court is civil complaint filed by pro se plaintiff Travis Denorris Arnold, who is proceeding in forma pauperis. Arnold is an inmate in the custody of the Bureau of Prisons (BOP), incarcerated at the United States Penitentiary in Pollock, Louisiana. He filed suit pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] and the Federal Tort Claims Act[2] (FTCA).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Background*

On an unspecified date, Plaintiff was assigned a job in the food service department. He complains that Mrs. Hewitt removed Plaintiff from the food services roster.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

[2] 28 U.S.C. §§ 1346 and 2671.

Additionally, Plaintiff states that he had permission to paint and use other tools in the facility. However, on an unspecified date, Mr. Hickenbaugh and Mr. Blaney threatened Plaintiff with placement in the Special Housing Unit if he picks up any tools or equipment from the "Facilities Dept."

On May 5, 2014, plaintiff was ordered to amend his complaint to provide proof of exhaustion of his FTCA claim. [Doc. #9] Plaintiff was granted an extension of time within which to comply, until July 7, 2014. To date, Plaintiff has failed to properly comply with the Court's order.

### *Law and Analysis*

1. **FTCA Claims**

The FTCA permits an individual to bring a civil action for damages against the United States for personal injury caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred. See 28 U.S.C. §1346(b)(1), 2674; Hannah v. United States, 523 F.3d 597, 601 (5th Cir. 2008).

The FTCA contains its own exhaustion provision, which is *jurisdictional*. That is, before bringing an action in federal district court under the FTCA, the plaintiff must fully exhaust all administrative remedies. See McNeil v. United States, 508 U.S. 106, 113 (1993); Price v. United States, 81 F.3d 520, 521 (5th Cir.

1996).[3] The exhaustion procedures for tort claims under the FTCA are separate and distinct from the exhaustion requirements for a Bivens or other type of claim. See Lambert v. United States, 2006 U.S. App. LEXIS 21963 (11th Cir. 2006) ; Janis v. United States, 162 Fed. Appx. 642 (7th Cir. 2006). Because this requirement is jurisdictional in nature, the filing of a claim with the appropriate agency cannot be waived. See Gregory v. Mitchell, 634 F.2d 199, 203-04 (5th Cir. 1981).

Plaintiff was ordered to amend his complaint within thirty days to provide evidence of complete exhaustion under the FTCA. See 28 U.S.C. §1653. His deadline for complying was extended until July 7, 2014. [Doc. #12] No amended complaint was timely filed. Then, on July 17, 2014, Plaintiff filed a motion to amend his complaint, but the proposed amendment provides none of the information requested by the Court.

To the extent that Plaintiff did not properly exhaust his FTCA claim, it should be denied and dismissed for lack of jurisdiction. Alternatively, Plaintiff's FTCA claim should be dismissed pursuant

---

[3] 28 U.S.C. §2676(a) provides in part:
An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency* in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

to Rule 41 of the Federal Rules of Civil Procedure because Plaintiff failed to comply with an order from the Court.

## II. Bivens Claim

Plaintiff complains that he was denied a food services job. He was ordered to amend his complaint to provide allegations of the violation of a constitutional right. As stated above, Plaintiff's deadline was extended to July 7, 2014, and he failed to comply with that deadline. In a motion to amend his complaint [Doc. #16], Plaintiff makes only a conclusory allegation that Mrs. Hewitt misused her power and discriminated against him in denying him a job in the food services department. [Doc. #16, p.2] He further makes a conclusory allegation that Hewitt is guilty of committing "hate crimes."

Plaintiff assumes that he has a Constitutional right to a food services job. In order to state a Constitutional claim for either a substantive or procedural due process violation, the plaintiff must demonstrate that he was "denied a cognizable liberty or property interest clearly established either by state law or the United States Constitution." Wooley v. City of Baton Rouge, 211 F.3d 913, 919 (5th Cir. 2000); accord Sandin v. Conner, 515 U.S. 472, 481-83, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (a prisoner has a liberty interest only in "freedom[s] from restraint ... impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); Bryan v. City of

4

Madison, 213 F.3d 267, 274 (5th Cir.2000), <u>cert.</u> <u>denied</u>, 531 U.S. 1145, 121 S.Ct. 1081, 148 L.Ed.2d 957 (2001)(property interest). Plaintiff has no constitutional right to food services job, or to any particular prison job assignment. <u>See</u> <u>Bulger v. United States Bureau of Prisons</u>, 65 F.3d 48, 49-50 (5th Cir. 1995). Plaintiff does not have a protected liberty interest in obtaining a prison job assignment.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's FTCA claim be **DISMISSED FOR LACK OF JURISDICTION** and his <u>Bivens</u> claim be be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A. Alternatively, the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 41 for failing to comply with the court's order of May 20, 2014. [Doc. #9]

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as

supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 22th day of July, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE